# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | |
|---|---|
| MATTHEW LEE LONG<br><br>    Plaintiff,<br><br>    v.<br><br>CHECKR, INC.,<br><br>    Defendant. | CIVIL NO: 5:26-cv-00126<br><br>Removed from:<br><br>General Court of Justice, District Court Division<br>North Carolina, County of Lincoln<br>No. 25CV000928-540 |

## DEFENDANT CHECKR, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Checkr, Inc. ("Checkr"), by and through its counsel and with full reservation of all defenses, objections, and exceptions, removes the above-styled action pending in the General Court of Justice, District Court Division of the State of North Carolina, Lincoln County to the United States District Court for the Western District of North Carolina. The case is being removed on the basis of federal question jurisdiction because:

## I.    TIMELINESS OF REMOVAL

1.    On May 6, 2026, Plaintiff filed a Complaint in the General Court of Justice, District Court Division of the State of North Carolina, Lincoln County, captioned *Matthew Lee Long v. Checkr, Inc.*, Case No. 25CV000928540 ("State Court Action").

2.    On May 8, 2026, Checkr received service via mail of the Complaint and Summons. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and Summons Checkr received are attached as **Exhibit A**.

3.    In accordance with Local Rule 73.1(b), the Electronic Case Opening packet, containing the Case Assignment Notice, the Notice of Availability of a United States Magistrate

Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge will be served contemporaneously with service of this Notice.

4.      The filing of this Notice of Removal satisfies 28 U.S.C. § 1446(b) because it is being filed within thirty days of service of the Complaint and Summons.

## II.      <u>APPROPRIATE VENUE</u>

5.      Because Lincoln County, North Carolina lies within the Western District of North Carolina, Statesville Division, this Court is the appropriate venue for removal. 28 U.S.C. §§ 113(c), 1441(a), and 1446(a).

## III.      <u>NATURE OF CLAIMS ALLEGED AND FEDERAL QUESTION JURISDICTION</u>

6.      Federal question jurisdiction exists.

7.      Federal courts have original jurisdiction over all cases that arise under federal law, and those cases are within this Court's removal jurisdiction. 28 U.S.C. §§ 1331, 1441(b) (courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

8.      Here, Plaintiff's Complaint alleges Checkr published an inaccurate report in violation of a federal statute, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). *See* Ex. A.

9.      The operative trigger for whether a claim can be brought for violation of a federal statute is whether the statute contains a private right of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986).

10.      Congress created an express private right of action in the FCRA for consumers to enforce the Act's provisions. 15 U.S.C. §§ 1681n, 1681o.

2

11. The FCRA also specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p.

12. Accordingly, Plaintiff's claims against Checkr are within the Court's federal question jurisdiction and the case can be removed regardless of the parties' citizenship. 28 U.S.C. §§ 1331, 1441(b).

## IV. <u>NOTICE OF REMOVAL GIVEN TO THE STATE COURT AND PLAINTIFF</u>

13. Contemporaneously with the filing of this Notice of Removal, Checkr will file a Notice of Filing Notice of Removal in the State Court Action, including this Notice and its exhibits, and will serve a copy of the Notice on Plaintiff, as required by 28 U.S.C. § 1446(d).

## V. <u>RESERVATION OF RIGHTS</u>

14. By filing this Notice of Removal, Checkr does not concede nor waive any defense or motion relating to this action. Checkr reserves all defenses relating to the justiciability of this action, including whether Plaintiff has stated claims for which relief can be granted, and objections to this forum.

## VI. <u>CONCLUSION</u>

For all the foregoing reasons, removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Checkr requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the General Court of Justice, District Court Division of the State of North Carolina, Lincoln County to the United States District Court for the Western District of North Carolina.

THIS the 4th day of June, 2026.

Respectfully submitted,

*/s/ Lex M. Erwin*
Lex M. Ewin
State Bar No. 34619
**MAYNARD NEXSEN PC**
227 W. Trade Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 338-5369
Facsimile: (704) 338-5377
lerwin@maynardnexsen.com
*Attorney for Defendant Checkr, Inc.*

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, and served on the following individual via first-class, United States mail, postage prepaid at the address listed:

> M. Shane Perry
> Williams & Perry
> 109 W. Statesville Ave.
> Mooresville, NC 28115
> shane@williamsperry.com
> *Attorney for Plaintiff*

THIS the 4th day of June, 2026.

Respectfully submitted,

*/s/ Lex M. Erwin*
Lex M. Ewin
State Bar No. 34619
**MAYNARD NEXSEN PC**
227 W. Trade Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 338-5369
Facsimile: (704) 338-5377
lerwin@maynardnexsen.com
*Attorney for Defendant Checkr, Inc.*